UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>RICHARD SCALEA,<br><br>*Defendant*. | Crim. Action No.: 3:18-cr-00620 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

THIS MATTER comes before the Court on Defendant Richard Scalea's motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 25, 27.)  Scalea, a prisoner serving a term of 120 months, argues that his immediate release is justified by his asthma, hypertension, and high cholesterol, which put him at risk for severe illness from the coronavirus.  The Court heard oral argument on February 2, 2021.  For the reasons stated below, Scalea's motion is denied.

I.

By way of background, Scalea engaged with undercover law enforcement officers in an incest chatroom. He sent images of child pornography to the officer. On October 5, 2017, officers executed a federal search warrant at Scalea's residence.  During the search, the officers found hundreds of images of child pornography, including images depicting sexual abuse or exploitation of an infant or toddler, images depicting prepubescent minors, and an image portraying sadistic or masochistic conduct, as well as more than 500 chat messages bookmarked as related to crimes against children. (Presentence Investigation Report ("PSR") ¶¶ 87-93.)

Scalea pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1). On October 16, 2018, this Court sentenced Scalea to

1

120 months imprisonment and ten years of supervised release. (Judgment, ECF No. 23.) His projected release date is April 13, 2026. He has served roughly 38% of his sentence.

Scalea is presently housed at FCI Fort Dix. He complains of asthma, hypertension, and high cholesterol. He has been prescribed Lisinopril for high blood pressure and Albuterol to control his asthma. (Moving Br. 3.) Presently, BOP reports that there are 71 positive staff and 33 positive inmates at FCI Fort Dix; 45 recovered staff and 1424 recovered inmates, and 1 inmate death. *See* Federal Bureau of Prisons, COVID-19 Coronavirus (last updated Jan. 28, 2021), *available at* https://www.bop.gov/coronavirus/.

On October 5, 2020, Scalea filed a pro se motion with the Court for compassionate release. (ECF No. 25.)  BOP records show that Scalea requested compassionate release from the warden at FCI Fort Dix on August 13, 2020, and did not hear a response within 30 days. The Government does not contest compliance with administrative exhaustion requirements. (Gov't Br. 6.) On January 11, 2021, counsel filed a supplemental motion and the Government subsequently responded in opposition. (ECF No. 27, 28.)

II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied.  The First Step Act allows an inmate to move for compassionate release directly after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A)).

When an inmate has exhausted his administrative remedies, a court may reduce his sentence if the modification is justified by "extraordinary and compelling reasons" and "is

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist.  U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision.  In light of the COVID-19 pandemic, courts have generally deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus.  *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020).  However, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release.  *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020).

In this case, the parties agree that the exhaustion requirement has been satisfied.

Scalea argues that the CDC classifies asthma and hypertension as conditions that put a person at an increased risk of severe illness from COVID-19. However, Scalea does not fall within the class of people most vulnerable to the virus. *See* People with Certain Medical Conditions (last updated Dec. 1, 2020), *available at* https://www.cdc.gov/coronavirus/2019-

3

ncov/need-extra-precautions/people-with-medical-conditions.html. Scalea has not shown that extraordinary and compelling reasons exist to warrant a sentence reduction.

Although the above finding is sufficient to deny the motion, the § 3553(a) factors, as well weigh heavily against release. Scalea is serving a significant sentence for his role in distributing child pornography. He has only served about 35% of the sentence this Court imposed in 2018. His sentence was based in part on heinous images of infants and children.  The nature of this offense and the severe punishment weighs against compassionate release.

### ORDER

THIS MATTER having come before the Court on Defendant Richard Scalea's Motions for Compassionate Release, (ECF Nos. 25, 27); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 4th day of February 2021,

ORDERED that Defendant's motions for compassionate release, (ECF Nos. 25, 27), are DENIED.

s*/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.