UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

               *Plaintiff*

v.

RICHARD SCALEA,

               *Defendant*.

Crim. Action No.: 18-cr-00620

**MEMORANDUM AND ORDER**

    THIS MATTER comes before the Court on Defendant Richard Scalea's motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 31, 32.) Scalea argues his health conditions (high blood pressure, asthma, COPD, heart problems, and high cholesterol) warrant compassionate release. In addition, he is suffering from post-COVID syndrome, and that FCI Fort Dix ("Fort Dix") is unable to provide him with adequate medical care. (Gov't Opp'n, ECF No 33.); (Def. Mot., ECF No. 31.) For the following reasons, Scalea's motions for compassionate release is denied.

    Scalea filed two motions for a reduction of sentence under the First Step Act, 18 U.S.C. § 3582 (c)(1)(A). (ECF Nos. 31 & 32.) His first motion for reduction was denied on February 2, 2021. ( ECF No. 30.) In addition to facts set forth herein, the facts from the prior Memorandum and Order are incorporated herein.

I.

    Defendant, Richard Scalea, pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1). (Presentence Investigation Report ("PSR") ¶ 1.) He is currently serving a 120-month prison sentence at Fort

Dix, and ten years supervised release. (Prior Mem. and Order, ECF No. 30.) Scalea is projected to be released April 13, 2026, and he has served 38% of his sentence. (*Id.*)

Scalea alleges that the conditions at Fort Dix are not suitable for social distancing and the conditions are exacerbating his post-coronavirus symptoms. (Def. Mot., ECF No. 31, 32.) Scalea claims the medical staff at the prison is not prepared to treat his symptoms since the medical staff only recommends the use of a rescue inhaler. (Def. Mot., ECF No. 31 at 11.) His post-COVID symptoms as of April 22, 2021, included "ongoing fatigue, headaches at the base of the skull, difficulty talking, in breathing, and brain fog." (*Id.*)

Moreover, Scalea alleges that his medical conditions are not well-managed because a prior physician recommended a cardiologist appointment, but it was denied, and that his continuous two-week checkups are not being conducted. (Br. Supp. Mot., ECF No. 35 at 7.)

To the contrary, the government argues that Scalea's medical records state that he is "no longer in need of daily medical assessment unless inmate becomes symptomatic," and Scalea's medical records also state that he was scheduled for a "routine" cardiology consultation for June 14, 2021. (Def Ex. B at 3.) (Def. Ex. B at 17.) This record also shows that Scalea denies suffering from any COVID-19 symptoms and has been instructed to report to medical staff if symptoms develop. (*Id.*) Scalea is now fully vaccinated against COVID-19 as of April 13, 2021. (Def. Ex. B at 66.)

As of July 1, 2021, there are 1,673 inmates out of 2,855 that have been fully vaccinated against COVID-19 at Fort Dix. See COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 1, 2021). Additionally, 253 staff members have been fully vaccinated and there are no reported cases of COVID-19 in Fort Dix. See

COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 1, 2021). The BOP also has quarantine measures in the event of an outbreak.

## II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied. Since the exhaustion requirement is conceded[1], a court may reduce an inmates' sentence if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision. In light of the COVID-19 pandemic, courts have often, but not always, deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus. *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020). However, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in

---

[1] Since the government conceded that Scalea exhausted his administrative remedies as statutorily required, it is not addressed herein. (ECF No. 33 at 2.)

3

favor of the defendant's release. *See, e.g., United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020).

III.

Scalea's preexisting conditions do not present an extraordinary and compelling reason to warrant a sentence reduction. The CDC states that Scalea's conditions (high blood pressure, asthma, COPD, and heart problems) can make one more likely to become severely ill from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 1, 2021). The government concedes that an inmate who has not been offered a vaccine, who presents a condition that increases the risk of becoming severely ill from COVID-19, presents an extraordinary and compelling reason allowing consideration of compassionate release. (Gov't Opp'n, ECF No. 33 at 8.) However, because Scalea has received a COVID-19 vaccine, his preexisting conditions are less likely to cause severe illness from COVID-19.

In *U.S. v. Singh*, the district court found that the vaccinated inmate did not demonstrate an extraordinary and compelling reason for compassionate release, even though his conditions increased his susceptibility to serious illness from COVID-19. *U.S. v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021). Studies conducted by Pfizer have shown that the vaccine was 91.3% effective against COVID-19 and that the vaccine was 100% effective against severe diseases as defined by the CDC. *See News*, Pfizer, https://www.pfizer.com/news/press-release/press-release-detail/pfizer-and-biontech-confirm-high-efficacy-and-no-serious (last visited July 1, 2021). Scalea's preexisting conditions, with the

4

effectiveness of the vaccine, do not present an extraordinary and compelling circumstance because by taking the vaccine he provided himself with effective self-care.

Scalea argues that he is susceptible to reinfection by virtue of is preexisting conditions. According to the literature, the risk of reinfection is minimal. *See Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited July 1, 2021). See generally, *United States v. Alford*, CR 08-374, 2021 WL 1561508, at *8 (W.D. Pa. Apr. 21, 2021). Since Scalea has recovered from COVID-19 and there are few, if any, positive cases in Fort Dix, the risk of reinfection is less likely. *See COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 1, 2021). Moreover, this diminished risk plus his vaccination together demonstrate that no extraordinary and compelling exists to warrant compassionate release

Scalea has some post-COVID symptoms. His symptoms include ongoing fatigue, headaches at the base of the skull, difficulty talking and breathing, and brain fog. (Def. Ex. A at 2.) *Alford*, 2021 WL 1561508, at *9. Scalea's post-COVID symptoms are being treated by the BOP and records show that he is "well, alert, and oriented." (Def. Ex. B at 2.) His medical records also display that he is receiving medication for his asthma and COPD, as well as regular monitoring of his needs by medical professionals. (Def. Ex. B at 3, 17.) In light of same, it appears that Scalea's post-COVID symptoms are being adequately managed by BOP medical staff.

In *Henderson*, the defendant's argument that the prison's conditions were unable to properly manage the COVID-19 outbreak was unfounded because the facility placed precautionary measures and regardless of an outbreak, he was adequately protected from being reinfected, having already contracted the virus. *Henderson*, 2020 WL 5055081, at *4. (Def. Ex.

5

B at 17, 66.) Although several months ago Fort Dix had a severe COVID problem, it has addressed same. Fort Dix had zero positive cases as of June 28, 2021. *See FCI Fort Dix*, BOP, https://www.bop.gov/locations/institutions/ftd/ (last visited June 28, 2021). The facility also has quarantine measures in the event of an infection. (Gov't. Opp'n, ECF No. 33 at 4-5.) Because Scalea is clearly receiving adequate medical treatment, and he is well-protected from reinfection, Scalea's argument regarding unsuitable conditions does not warrant a decision for compassionate release.

Scalea's claim that Fort Dix cannot properly manage his medical needs is not supported by the record. Since Scalea receives regular medical attention for his conditions, is provided with medication to treat his inflictions, has received a vaccine, and has already recovered from COVID-19, and the conditions at Fort Dix have improved, his medical treatment is adequately managed.

### IV.

Even if an extraordinary and compelling reason existed, the requested relief is denied because the factors under 18 U.S.C. § 3553(a) do not weigh in favor of Scalea's release. 18 U.S.C. § 3553(a)(1) has courts consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

Here, Scalea has only served about 38% of his sentence for distributing child pornography. His sentence was based on the distribution of salacious images of infants and children. (Prior Mem. and Order, ECF No. 30 at 4.) Although there is some debate over the prescribed term of imprisonment, this offense warrants punishment that exceeds 38% of his sentence in order to deter such criminal conduct.

**ORDER**

THIS MATTER having come before the Court on Defendant Richard Scalea's motions for Compassionate Release, (ECF Nos. 31 and 32); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 18th day of August, 2021,

ORDERED that Defendant's motions for compassionate release, (ECF Nos. 31 and 32), are DENIED.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.